Filed 7/6/22  P. v. Birelas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049139 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F13131) |
| v. | |
| MOISES ISAAC BIRELAS, | |
| Defendant and Appellant. | |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion under California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Defendant Moises Birelas was convicted of first degree murder in 2007.  The jury found true a felony murder special circumstances allegation that Birelas was a major participant in an attempted robbery causing the victim's death and acted with reckless indifference to human life.  He was sentenced to life without the possibility of parole.

In 2019, Birelas petitioned for resentencing under Penal Code section 1170.95, which allows a defendant convicted of murder on a theory of imputed malice (such as felony murder) to be resentenced consistent with recently enacted changes in the law.  (See Sen. Bill No. 1437, eff. Jan. 1, 2019, redefining "malice" as required for murder by Penal Code section 188 to exclude imputed malice.)  (Stats. 2018, ch. 1015, § 1, subd. (f).)  The trial court dismissed the petition because it found Birelas ineligible for

resentencing. The reason the court believed he was ineligible for relief was the jury's true finding on the felony murder special circumstances allegation (see Pen. Code, § 190.2, subd. (d)).

Birelas contends the trial court erred in deeming him ineligible for resentencing based on the special circumstances finding because it was made before the California Supreme Court clarified what is necessary to prove a defendant was a major participant in a crime acting with reckless indifference to life. (See *People v. Banks* (2015) 61 Cal.4th 788; *People v. Clark* (2016) 63 Cal.4th 522.) Whether a special circumstances finding made before the Supreme Court's clarification of the felony murder law renders a defendant ineligible for Penal Code section 1170.95 resentencing is a question that has divided the courts of appeal and is currently pending before the Supreme Court. (See, e.g., *People v. Secrease* (2021) 63 Cal.App.5th 231, 252, review granted June 30, 2021, S268852, and *People v. Pineda* (2021) 66 Cal.App.5th 792, 801, review granted Sept. 29, 2021, S270513 [pre-*Banks* special circumstances finding does not necessarily render defendant ineligible for relief; remand required for factual determination regarding major participation and reckless indifference]; but see, e.g., *People v. Simmons* (2021) 65 Cal.App.5th 739, 749, review granted Sept. 1, 2021, S270048, and *People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918 [special circumstances finding precludes relief as a matter of law].)

We agree with and will follow this court's opinion in *People v. Pineda*, *supra*, 66 Cal.App.5th 792, 801, holding that a defendant is not categorically ineligible for relief under Penal Code section 1170.95 because of a felony murder special circumstances finding made before the Supreme Court clarified the felony murder standard. The Attorney General urges us to make our own determination about whether the evidence is sufficient to show Birelas was a major participant and displayed reckless indifference to life. We decline that invitation because it would be inconsistent with our role as a

reviewing court tasked with determining whether a trial court's decisions are legally correct. The trial court should decide this dispositive question in the first instance.

We will therefore reverse the order denying the petition and remand the matter for the trial court to determine whether Birelas's conduct is encompassed by the special circumstances statute as construed in *Banks* and *Clark*. "[T]he court's task will be narrowly focused on whether, without resolving conflicts in the evidence and making findings, the evidence presented at trial was sufficient to support the felony-murder special-circumstance finding." (*People v. Pineda*, *supra*, 66 Cal.App.5th 792, 801–802.) If the evidence is sufficient to support the felony murder finding under those authorities, Birelas is ineligible for resentencing. If the evidence is insufficient to support that finding, the trial court must issue an order to show cause and conduct an evidentiary hearing under Penal Code section 1170.95, subdivision (d).

## DISPOSITION

The order dismissing defendant's Penal Code section 1170.95 resentencing petition is reversed. The matter is remanded to the superior court with directions to conduct a new prima facie review consistent with this opinion.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H049139-***People v Birelas*